STEPHEN ZELLER, Bar No. 265664
Email: szeller@deconsel.com
CASEY JENSEN, Bar No. 263593
Email: cjensen@deconsel.com
members of
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

Attorneys for Plaintiffs, Carpenters Southwest
Administrative Corporation and Board of Trustees
for the Carpenters Southwest Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, <br><br> Plaintiffs, <br><br> v. <br><br> SO CAL WALL, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO. <br><br> COMPLAINT FOR SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT |

**CLAIM FOR RELIEF**

**(SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT)**

**JURISDICTION**

1. This is a civil action for specific performance to conduct an audit. This action arises and jurisdiction of the court as to the claims are founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

**PARTIES AND OTHERS**

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when the same have been ascertained.

6. At all relevant times, the Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times, the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express

trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times, the Southern California Residential Drywall Contract Administration Committee, Inc., the Carpenters-Contractors Cooperation Committee ("CCCC") and Western States Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc., were and are non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. §186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee and the Southern California Drywall Industry Fund, Southern California Residential Drywall Contract Administration Committee, Inc., the Western States Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc., and the Grievance Obligation Trust Fund (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times, employer, SO CAL WALL, INC., a California corporation, and DOES 1 through 10 ("EMPLOYER") was and is a California corporation engaged in the construction industry within the jurisdiction of the relevant UNIONS.

## OPERATIVE ALLEGATIONS

13. On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, a Southern California Residential Drywall Memorandum Agreement, dated April 21, 2006 ("MEMORANDUM AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

14. The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Southern California Residential Drywall Agreement between the Pacific Rim Drywall Association and the United Brotherhood of Carpenters and Joiners of America, and the UNIONS, ("DRYWALL AGREEMENT") dated January 1, 2006, and any renewals or subsequent Southern California Residential Drywall Agreements, and all amendments, modifications, supplements and renewals, and the PLANS' agreements and any amendments, modifications, supplementations, extensions, and/or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS").

15. The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT, DRYWALL AGREEMENT and Master Labor Agreements.

16. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

17. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports to the PLANS at their place of

business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions, shall be in the County of Los Angeles.

18. The AGREEMENTS provide that the PLANS have the specific authority to examine EMPLOYER's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension reports for all other trades, cash receipts' journal, copies of all contracts and all material invoices.

19. The PLANS have requested access to EMPLOYER's business records for the purpose of conducting an audit.

20. EMPLOYER has failed and/or refuses to allow the PLANS to complete such an audit.

21. The PLANS have no adequate or speedy remedy at law.

22. It has been necessary for PLAINTIFFS to engage counsel to bring this action to compel compliance with the AGREEMENTS, and to recover the attorneys' fees and the costs for which EMPLOYER is liable pursuant to Section 502(g)(1) of ERISA and pursuant to the AGREEMENTS.

23. PLAINTIFFS have, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

///
///
///

WHEREFORE, PLAINTIFFS pray for judgment as follows:

## FOR PLAINTIFFS' CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE TO CONDUCT AN AUDIT):

1. That EMPLOYER be compelled to forthwith submit to completion of an audit of EMPLOYER business records covering the period from January 1, 2015 through December 31, 2018, by the PLANS' auditors at the premises of EMPLOYER during business hours, at a reasonable time or times, and to allow the auditors to examine and copy the following books, records, papers, documents and reports of EMPLOYER all job cost records, general check register and check stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, forms W-2, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pension report for all other trades, cash receipts' journal, copies of all contracts, and all material invoices;

2. For reasonable attorneys' fees;

3. For costs of this action;

4. For such other and further relief as the court deems proper.

Dated: April 27, 2020

DeCARLO & SHANLEY,
a Professional Corporation

By: /s/ Stephen Zeller
STEPHEN ZELLER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS